UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MATTHEW CREHAN, et al.,

        Plaintiffs,                              Hon. Janet T. Neff

v.                                                        Case No. 1:11 CV 613

COUNTRYWIDE BANK, FSB, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (Dkt. #10). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.


## BACKGROUND

Plaintiff initiated this action on June 13, 2011, against Countrywide Bank, Bank of America, BAC Homes Loans Servicing, and Federal Home Loan Mortgage Corporation. (Dkt. #1). Plaintiff initiated the present action by filing a form complaint freely available on the internet. *See* http://livinglies.files.wordpress.com/2008/11/template-complaint1.pdf (last visited on December 21, 2011). Other plaintiffs have relied upon this template complaint to file similar actions in other courts. (Dkt. #10, Exhibits I-J). Plaintiffs' complaint consists largely of generic and vague allegations, as well as legal conclusions, which do not concern or implicate the defendants in this matter or the conduct giving rise to the present action.

Despite the shortcomings of Plaintiffs' complaint, the following can be gleaned from Plaintiffs' complaint and subsequent pleadings. The present action concerns a mortgage transaction regarding property located at 1104 Englewood Avenue, Muskegon, Michigan (hereinafter the "subject property"). On May 16, 2008, Plaintiff Dan Hoffman executed a note evidencing his obligation to repay to Defendant Countrywide Bank (Countrywide) a loan in the amount of seventy one thousand dollars ($71,000.00). (Dkt. #17). Under the terms of this note, Hoffman was required to repay this amount over a thirty year period and was charged interest at an annual rate of 5.875 percent. As security for this loan, a mortgage was executed by which Countrywide obtained a security interest in the subject property. Hoffman defaulted on his obligations and the subject property was ultimately sold at auction. *Id.* Plaintiff alleges violations of the Home Ownership Equity Protection Act (HOEPA), Real Estate Settlement Procedures Act (RESPA), Truth in Lending Act (TILA), Fair Credit Reporting Act (FCRA), and Racketeer Influenced and Corrupt Organizations Act (RICO), as well as numerous state law claims. Defendants now move to dismiss Plaintiffs' complaint for failure to state a claim on which relief may be granted.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court has held, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the

assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL

51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

**I.         Template Complaint**

As previously noted, Plaintiff initiated the present action by filing a form complaint that consists largely of generic and vague allegations, as well as legal conclusions, which do not concern or implicate the defendants in this matter or the conduct giving rise to the present action. Defendants argue that Plaintiff's "template complaint should be dismissed for failure to state a claim."

The Court declines to recommend the dismissal of Plaintiff's complaint on the ground that it is a generic template widely available, and apparently widely used, by others. As Plaintiffs correctly note, many (if not most) complaints derive from some form of template. To the extent that Plaintiffs' complaint contains allegations, assertions, or commentary that is irrelevant to the resolution of Plaintiffs' claims, such are easily ignored. To the extent that Defendants find Plaintiffs' allegations lack sufficient factual specificity, Defendants can file a motion for more definite statement. *See* Fed. R. Civ. P. 12(e). The undersigned recommends, therefore, that Defendants' request to dismiss Plaintiff's complaint as an improper "template complaint" be denied.

**II.        Home Ownership Equity Protection Act (HOEPA)**

The Truth in Lending Act (TILA) is "a federal consumer protection statute, intended to promote the informed use of credit by requiring certain uniform disclosures from lenders." *See In re Community Bank of Northern Virginia*, 622 F.3d 275, 282 (3rd Cir. 2010). The Home Ownership and Equity Protection Act (HOEPA) was enacted as an amendment to TILA and "applies to a special class of regulated loans that are made at higher interest rates and are subject to special disclosure requirements." *Id.* Alleging that "Defendants violated HOEPA by numerous acts and material omissions," Plaintiffs seek rescission of the mortgage in question as well as an undetermined amount in monetary damages. Defendants assert that Plaintiffs' HOEPA claims are barred by the applicable statute of limitations. Defendants further assert that Plaintiffs' HOEPA allegations fail to state a claim on which relief may be granted.

Claims under HOEPA for damages are subject to a one-year statute of limitations. *See Sobh v. Bank of America, NA*, 2011 WL 6116175 at *4 (E.D. Mich., Dec. 8, 2011) (citing 15 U.S.C. § 1640(e)). Claims under HOEPA seeking rescission are subject to a three-year statute of limitations. *See Sobh*, 2011 WL 6116175 at *4 (citing 15 U.S.C. § 1640(f)). The transaction in question occurred on May 16, 2008. Plaintiffs did not initiate the present action until June 13, 2011, more than three years later. Thus, Plaintiffs' HOEPA claims for damages and rescission are both untimely.

Plaintiffs seek to avoid this result by claiming the benefit of equitable tolling of the statutes of limitation. Equitable tolling of a HOEPA claim is available where the defendant has engaged in "fraudulent concealment." *See, e.g., Kanouno v. Suntrust Mortgage, Inc.*, 2011 WL 5984023 at *7 (E.D. Mich., Nov. 30, 2011). To obtain the benefit of equitable tolling, Plaintiffs must establish that: (1) the defendant took affirmative steps to conceal the plaintiffs' cause of action, and (2) the plaintiffs

could not have discovered the cause of action despite exercising due diligence. *Id.*; *see also*, *Koczara v. Indymac Bank, FSB*, 2011 WL 379422 at *1 (E.D. Mich., Feb. 3, 2011). As the Sixth Circuit has held, however, "equitable tolling based on fraudulent concealment is to be narrowly applied since 'statutes of limitation are vital to the welfare of society and are favored in the law.'" *Hill v. United States Department of Labor*, 65 F.3d 1331, 1336 (6th Cir. 1995) (citations omitted). Plaintiffs have failed to allege, let alone establish, that Defendants engaged in fraudulent concealment. Accordingly, Plaintiffs are not entitled to equitable tolling of the statutes of limitation. The undersigned, therefore, recommends that Plaintiffs' HOEPA claims be dismissed for failure to comply with the relevant statutes of limitation.

Defendants also assert that Plaintiffs' HOEPA allegations must be dismissed for failure to state a claim on which relief may be granted. While Plaintiffs' complaint consists almost exclusively of legal conclusions and vague and irrelevant allegations, Plaintiffs have asserted specific facts that Defendants failed to provide them with various disclosures required by HOEPA. (Dkt. #1 at ¶¶ 35-40, 56-67). To the extent that Defendants find Plaintiffs' allegations lacking factual specificity, they can file a motion for more definite statement. *See* Fed. R. Civ. P. 12(e). The undersigned recommends, therefore, that to the extent Defendants seek relief on the ground that Plaintiffs' HOEPA allegations fail to state a claim on which relief may be granted, such be denied.

### III.      Truth in Lending Act

The federal Truth in Lending Act (TILA) seeks to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair

credit billing and credit card practices." *MacDermid v. Discover Financial Services*, 488 F.3d 721, 733 (6th Cir. 2007) (quoting 15 U.S.C. § 1601(a)).  Liability under TILA "arises when a creditor fails to make the required disclosures before consummation of the transaction." *United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009).  Alleging that Defendants failed to make the disclosures required under TILA, Plaintiffs seek rescission of the mortgage in question.  Defendants assert that Plaintiffs' TILA claims are barred by the applicable statute of limitations and, moreover, that Plaintiffs' TILA allegations fail to state a claim on which relief may be granted.

Claims under TILA seeking rescission are subject to a three-year statute of limitations. *See Sobh*, 2011 WL 6116175 at *4 (citing 15 U.S.C. § 1640(f)).  The transaction in question occurred on May 16, 2008.  Plaintiffs did not initiate the present action until June 13, 2011, more than three years later.  Thus, Plaintiffs' TILA claims for rescission are untimely.

Plaintiffs argue that their TILA claims should not be dismissed as untimely due to equitable tolling of the relevant statute of limitations.  Equitable tolling of a TILA claim is available where the defendant has engaged in "fraudulent concealment." *See, e.g., Kanouno*, 2011 WL 5984023 at *7.  As noted above, to obtain the benefit of equitable tolling, Plaintiffs must establish that: (1) the defendant took affirmative steps to conceal the plaintiffs' cause of action, and (2) the plaintiffs could not have discovered the cause of action despite exercising due diligence. *Id.*  Plaintiffs have not demonstrated that Defendants engaged in fraudulent concealment.  Accordingly, Plaintiffs are not entitled to equitable tolling of the statutes of limitation.  The undersigned, therefore, recommends that Plaintiffs' TILA claims be dismissed for failure to comply with the relevant statutes of limitation.

Defendants also assert that Plaintiffs' TILA allegations must be dismissed for failure to state a claim on which relief may be granted.  While Plaintiffs' complaint consists almost exclusively

of legal conclusions and vague and irrelevant allegations, Plaintiffs have asserted specific facts that Defendants failed to provide them with various disclosures required by TILA. (Dkt. #1 at ¶¶ 35-42, 72-76). To the extent that Defendants find Plaintiffs' allegations lacking factual specificity, they can file a motion for more definite statement. *See* Fed. R. Civ. P. 12(e). The undersigned recommends, therefore, that to the extent Defendants seek relief on the ground that Plaintiffs' TILA allegations fail to state a claim on which relief may be granted, such be denied.

### IV.        Real Estate Settlement Procedures Act (RESPA)

Pursuant to RESPA, it is unlawful to give or receive "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." *See McHugh v. U.S. Bank National Assoc. ND*, 2011 WL 6101942 at *2 (E.D. Mich., Dec. 7, 2011) (quoting 12 U.S.C. § 2607(b)). Plaintiffs assert that Defendants violated § 2607 by "accept[ing] charges for the rendering of real estate services which were in fact charges for other than services actually performed." Defendants assert that Plaintiffs' RESPA claims are barred by the relevant statute of limitations and, moreover, are subject to dismissal for failure to state a claim on which relief may be granted.

The statute of limitations for RESPA claims under § 2607 is one year, measured from the "occurrence of the violation." *See Golliday v. First Direct Mortgage Co., Inc.*, 2009 WL 5216141 at *6 (W.D. Mich., Dec. 29, 2009) (quoting 12 U.S.C. § 2614)). The loan transaction giving rise to this action occurred on May 16, 2008, more than three years before the initiation of this action. Thus, Plaintiffs' RESPA claims are untimely.

Plaintiffs seek to avoid this result by arguing that they are entitled to equitable tolling of the relevant statute of limitations. As courts recognize, the Sixth Circuit has "not yet ruled on the question of whether the RESPA statute of limitations is subject to equitable tolling." *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 424 (6th Cir. 2009); *see also*, *Kanouno v. SunTrust Mortgage, Inc.*, 2011 WL 5984023 at *9 (E.D. Mich., Nov. 30, 2011). However, even if the Court assumes that the RESPA statute of limitations is subject to equitable tolling, Plaintiffs have failed to demonstrate entitlement thereto.

When considering, generally, whether to toll a statute of limitations, the Court considers the following factors: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendants; and (5) plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *See Kanouno*, 2011 WL 5984023 at *9 (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Moreover, as previously discussed, equitable tolling of HOEPA and TILA claims is available where the defendant has engaged in "fraudulent concealment." Plaintiffs have failed to establish that they acted reasonably or diligently in this matter or that they were unaware of the relevant statute of limitations. Plaintiffs have also failed to establish that Defendants engaged in fraudulent concealment. The Court concludes, therefore, that Plaintiffs are not entitled to equitable tolling. Accordingly, the undersigned recommends that Plaintiffs' RESPA claims be dismissed for failure to comply with the relevant statute of limitations.

Defendants also assert that Plaintiffs' RESPA allegations must be dismissed for failure to state a claim on which relief may be granted. Again, while Plaintiffs' complaint consists almost exclusively of legal conclusions and vague and irrelevant allegations, Plaintiffs allege that "Defendants

accepted charges for the rendering of real estate services which were in fact charges for other than services actually performed." (Dkt. #1 at ¶ 70). While such is arguably vague it is not a legal conclusion, but is instead a factual assertion. To the extent that Defendants find Plaintiffs' complaint lacking factual specificity, they can file a motion for more definite statement. *See* Fed. R. Civ. P. 12(e). To the extent, therefore, that Defendants seek relief on the ground that Plaintiffs' RESPA allegations fail to state a claim on which relief may be granted, the undersigned recommends that such be denied.

### V.        Fair Credit Reporting Act

The Fair Credit Reporting Act (FCRA) imposes on those who furnish credit information a duty to provide accurate information to credit reporting agencies. *See Bryant v. BAC Home Loans Servicing, LP*, 2011 WL 4710805 at *3 (E.D. Mich., Oct. 6, 2011) (citing 15 U.S.C. § 1681s-2). Plaintiffs assert that Defendants "wrongfully, improperly, and illegally reported negative information as to the Plaintiffs to one or more Credit Reporting Agencies, resulting in Plaintiffs having negative information on their credit reports." Defendants move to dismiss these allegations on the ground that they fail to state a claim on which relief may be granted.

Consumers cannot bring a private right of action for violation of the duty to report accurate information; such claims can only be asserted by governmental entities. *See Bach v. First Union National Bank*, 149 Fed. Appx. 354, 358-59 (6th Cir., Aug. 22, 2005); *Kovacs v. JPMorgan Chase & Co., Inc.*, 2010 WL 259049 at *3 (E.D. Mich., Jan. 20, 2010). A person or entity that furnishes credit information is liable to a consumer only where "it fails to conduct a reasonable investigation after a consumer complains to a [consumer reporting agency], and after the [consumer reporting agency] notifies the furnisher of the complaint." *Kovacs*, 2010 WL 259049 at *3 (citing 15 U.S.C. § 1681s-2(b)-

(c)). As Defendants correctly assert, Plaintiffs have failed to allege that: (1) they complained to any credit reporting agency; (2) the credit reporting agency notified Defendants; or (3) Defendants failed to conduct a reasonable investigation. The undersigned recommends, therefore, that Plaintiffs' FCRA claims be dismissed for failure to state a claim on which relief may be granted.

### VI.        Fraudulent Misrepresentation

Plaintiffs assert that Defendants engaged in fraudulent misrepresentation in violation of Michigan law. Specifically, Plaintiffs allege that Defendants "knowingly and intentionally concealed material information from Plaintiffs" and "materially misrepresented material information to the Plaintiffs." Defendants argue that Plaintiffs' allegations fail to state a claim on which relief may be granted.

Under Michigan law, to prove a claim of fraudulent misrepresentation a plaintiff must establish the following: (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury. *Kozma v. Chelsea Lumber Co.*, 2010 WL 2836327 at *4 (Mich. Ct. App., July 20, 2010).

Plaintiffs have failed to identify the representations that form the basis of this claim. Plaintiffs have failed to allege that Defendants made the representations at issue with the intent that Plaintiffs would act in reliance thereon. Plaintiffs have also failed to allege that they acted in reliance on the representations at issue. Plaintiffs' vague and conclusory allegations fail to rise above the level

of speculation and certainly do not "state a claim to relief that is plausible on its face." The undersigned, therefore, recommends that Plaintiffs' fraudulent misrepresentation claims be dismissed for failure to state a claim on which relief may be granted.

**VII.     Breach of Fiduciary Duty**

Plaintiffs allege that Defendants "breached their fiduciary duties to the Plaintiffs by fraudulently inducing Plaintiffs to enter into a mortgage transaction which was contrary to the Plaintiffs' stated intentions; contrary to Plaintiffs' interests; and contrary to the Plaintiffs' preservation of their home." Defendants move to dismiss these claims on the ground that such fail to state a claim on which relief may be granted.

A fiduciary relationship "arises from the reposing of faith, confidence, and trust, along with the reliance of one upon the judgment and advice of another." *Edwards Publications, Inc. v. Kasdorf*, 2009 WL 131636 at *6 (Mich. Ct. App., Jan. 20, 2009). A fiduciary is under a duty to act for the benefit of the other person concerning matters within the scope of the relationship. A plaintiff is entitled to relief when a fiduciary relationship arises and the fiduciary's influence has been acquired and abused, or when confidence has been reposed and betrayed. *Id.* A fiduciary relationship, however, "generally does not arise within the lender-borrower context." *Voydanoff v. Select Portfolio Servicing, Inc.*, 2011 WL 6757841 at *11 (Mich. Ct. App., Dec. 22, 2011). Furthermore, the mere fact that an allegedly inexperienced borrower relied on a lender is insufficient to establish the existence of a fiduciary relationship. *See*, *e.g., Farm Credit Services of Michigan's Heartland, P.C.A. v. Weldon*, 591 N.W.2d 438, 680-81 (Mich. Ct. App. 1998) ("borrower's allegations of inexperience and reliance on

the lender are insufficient to establish a fiduciary relationship"); *Ulrich v. Federal Land Bank of St. Paul*, 192 Mich. App. 194, 196 (Mich. Ct. App. 1991) (same).

Plaintiffs' vague and conclusory allegations establish nothing more than that they exercised unspecified reliance on Defendants given their inexperience with banking and mortgage lending. Such is insufficient to state a claim for breach of fiduciary duty. *See*, *e.g.*, *Voydanoff*, 2011 WL 6757841 at *11 ("conclusory allegations do not suffice to establish that, in the context of the lender-borrower relationship," there existed a fiduciary relationship). Accordingly, the undersigned recommends that Plaintiffs' breach of fiduciary duty claims be dismissed for failure to state a claim on which relief may be granted.

**VIII.     Unjust Enrichment**

Plaintiffs assert that "Defendants had an implied contract with Plaintiffs to ensure that Plaintiffs understood all fees which would be paid to the Defendants to obtain credit on Plaintiffs' behalf and to not charge any fees which were not related to the settlement of the loan and without full disclosure to Plaintiffs." Plaintiffs further assert that by "charging a higher interest rate, fees, rebates, kickbacks, profits. . .and gains and YSP fee unrelated to the settlement services provided at closing," Defendants "have been unjustly enriched at the expense of Plaintiffs." Defendants move to dismiss these claims on the ground that such fail to state a claim on which relief may be granted.

Michigan law defines unjust enrichment as "the unjust retention of money or benefits which in justice and equity belong to another." *Duncan v. Tricho Salon and Spa, LLC*, 2011 WL 6061341 at *5 (Mich. Ct. App., Dec. 6, 2011). The elements of a claim of unjust enrichment are: (1) receipt of a benefit by the defendant from the plaintiff; and (2) an inequity resulting to the plaintiff

because of the retention of the benefit by the defendant. *Id.* Where such is established, "the law will imply a contract in order to prevent unjust enrichment." *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003). However, "a contract will be implied only if there is no express contract covering the same subject matter." *Id.* Thus, an unjust enrichment claim is foreclosed where an express contract governs the transaction in question. *See*, *e.g.*, *Fodale v. Waste Management of Michigan, Inc.*, 718 N.W.2d 827, 841-42 (Mich. Ct. App. 2006). As Defendants assert, the transaction in question is governed by the loan contract into which the parties entered. Accordingly, the undersigned recommends that Plaintiffs' unjust enrichment claims be dismissed for failure to state a claim on which relief may be granted.

**IX.     Civil RICO**

Plaintiffs allege that "Defendants' actions and use of multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct specifically designed to defraud Plaintiffs constitutes an 'enterprise,' with the aim and objective of the enterprise being to perpetrate a fraud upon Plaintiffs through the use of intentional nondisclosure, material misrepresentation, and creation of fraudulent loan documents." Plaintiffs allege that Defendants' conduct violates RICO, the Racketeer Influenced and Corrupt Organizations Act.

To state a civil RICO claim, Plaintiffs must establish the following: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See Melton v. Blankenship*, 2009 WL 87472 at *2 (6th Cir., Jan. 13, 2009). To establish that Defendants engaged in a pattern of racketeering activity, Plaintiffs must allege Defendants "engaged in a 'pattern of racketeering activity' consisting of at least two predicate acts of racketeering activity occurring within a ten-year period." *Moon v.*

*Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006). However, merely alleging that Defendants engaged in two predicate acts of racketeering may not be sufficient, as the nature of the alleged predicate acts must also be examined. Specifically, the Court must examine the "relatedness" and "continuity" of the alleged predicate acts. *Id.* at 724 ("the term pattern itself requires the showing of a relationship between the predicates and of the threat of continuing activity") (quoting *H.J., Inc. v. Northwestern Bell Tele. Co.*, 492 U.S. 229, 238-39 (1989)).

To satisfy the relatedness prong, the alleged predicate acts must have "the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Moon*, 465 F.3d at 724 (quoting *H.J., Inc.*, 492 U.S. at 241). The alleged predicate acts must also possess sufficient continuity, defined as "a closed-and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Moon*, 465 F.3d at 724 (quoting *H.J., Inc.*, 492 U.S. at 241). A closed period of continuity may be demonstrated "by proving a series of related predicates extending over a substantial period of time." *Moon*, 465 F.3d at 724 (quoting *H.J., Inc.*, 492 U.S. at 242). Alleged racketeering activity "lasting only a few weeks or months and threatening no future criminal conduct is insufficient." *Moon*, 465 F.3d at 724 (quoting *H.J., Inc.*, 492 U.S. at 242). To establish an open period of continuity, Plaintiffs must allege facts showing "a distinct threat of long-term racketeering activity, or by showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business." *Moon*, 465 F.3d at 724 (quoting *H.J., Inc.*, 492 U.S. at 242).

Plaintiffs' allegations concern only their one transaction with Defendants. The duration of the transaction in question is too short to constitute a closed period of continuity. Moreover, by

making no allegations concerning any other individuals, entities, or transactions, Plaintiffs cannot establish that there exists "a distinct threat of long-term racketeering activity" or that such allegedly unlawful activity is "part of [Defendants'] regular way of doing business." Because Plaintiffs cannot satisfy the continuity prong, they cannot establish that Defendants engaged in a pattern of racketeering activity. As courts recognize, "purported racketeering activity [arising out of a single transaction or concerning a single objective] does not bear the markings of the 'long-term criminal conduct' about which 'Congress was concerned' when it enacted RICO." *Id.* at 725-26. Accordingly, the undersigned recommends that Plaintiffs' RICO claims be dismissed for failure to state a claim on which relief may be granted.

## X.        **Complaint to Quiet Title**

Plaintiffs assert that given Defendants' unlawful conduct they "are entitled to quiet title against Defendants, clearing the title of the purported subject mortgage encumbrance." Plaintiffs request that the Court order Defendants to "transfer or release legal title and alleged encumbrances thereon of the subject property" to Plaintiffs. Defendants move to dismiss these claims for failure to state a claim on which relief may be granted.

Actions to quiet title under Michigan law are governed by Mich. Comp. Laws § 600.2932 which provides, in relevant part, that "[a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not." Mich. Comp. Laws § 600.2932(1). A plaintiff in an action to quiet title to land bears the burden

to make out a prima facie case that he has a superior claim to the land in question. *See Stern v. Marjeh*, 2011 WL 1140129 at *1 (Mich. Ct. App., Mar. 29, 2011); Michigan Court Rule 3.411(B)(2) (in a complaint to quiet title the plaintiff "must allege," in part, the facts establishing the superiority of the his claim). Moreover, a plaintiff cannot satisfy this requirement "by merely relying on the weakness of a defendant's title." *Stern*, 2011 WL 1140129 at *1. Plaintiffs have failed to allege facts demonstrating the superiority of their claim to the property in question. The undersigned, therefore, recommends that Plaintiffs' quiet title claim be dismissed for failure to state a claim on which relief may be granted.

**XI.    Usury**

Plaintiffs assert that the interest rate that they were charged was "in excess of" applicable law and, thus, constitutes usury. Defendants move to dismiss this claim on the ground that it fails to state a claim on which relief may be granted.

Usury "is, generally speaking, the receiving, securing or taking of a greater sum or value for the loan or forbearance of money, goods, or things in action than is allowed by law." *Trierweiler v. Varnum, Riddering, Schmidt & Howlett, L.L.P.*, 2006 WL 1161546 at *3 (Mich. Ct. App., May 2, 2006). Michigan law articulates various limitations or restrictions on the amount of interest that may be charged in a transaction in which the "primary security" for a "note, bond, or other evidence of indebtedness" is a "first lien against real property." Mich. Comp. Laws § 438.31c. Plaintiff has failed to identify the provision of Michigan law allegedly implicated by Defendants' conduct, let alone allege any facts in support of this claim. Instead, Plaintiffs simply assert the legal conclusion that the interest charged on their mortgage was "usurious." Such allegations do not raise Plaintiffs' claim for relief

"above the speculative level." Accordingly, the undersigned recommends that Plaintiffs' usury claims be dismissed for failure to state a claim on which relief may be granted.

### XII.        Civil Conspiracy

Plaintiffs allege that "Defendants agreed between and among themselves to engage in the conspiracy to defraud for the common purpose of accruing economic gains for themselves at the expense of and detriment to the Plaintiffs." Defendants argue that Plaintiffs' conspiracy claims must be dismissed for failure to state a claim on which relief may be granted.

Under Michigan law, the elements of a civil conspiracy claim are: (1) concerted action; (2) by a combination of two or more persons; (3) to accomplish an unlawful purpose; and (4) or a lawful purpose by unlawful means. *Kasey, Inc. v. Alpine Realty Now, Inc.*, 2012 WL 10998 at *4 (Mich. Ct. App., Jan. 3, 2012). A conspiracy claim, however, "cannot constitute a civil cause of action by itself," as the plaintiff must also "prove the elements of" the tort which is alleged to have been the object of the conspiracy. *See Moch v. Afendoulis*, 2000 WL 33521506 at *2 (Mich. Ct. App., Mar. 17, 2000).

Plaintiffs allege that Defendants conspired to commit fraud. As discussed above, however, Plaintiff has failed to state a claim for fraud. Moreover, the allegations concerning this particular claim are, at best, vague and conclusory and do not rise above the level of speculation. The undersigned, therefore, recommends that Plaintiffs' conspiracy claims be dismissed for failure to state a claim on which relief may be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (dkt. #10), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  February 15, 2012                    /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge