UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CREHAN, et al.,

    Plaintiffs,                                    Case No. 1:11-cv-613

v                                                      HON. JANET T. NEFF

COUNTRYWIDE BANK, FSB, et al.,

    Defendants.

_____/

**OPINION AND ORDER**

Pending before the Court in this civil action is Defendants' Motion to Dismiss (Dkt 10). The Magistrate Judge filed a Report and Recommendation (R&R), recommending that this Court grant the motion and dismiss this action (Dkt 19). The matter is presently before the Court on Plaintiffs' objections to the Report and Recommendation (Dkt 23). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Plaintiffs' objections and approves and adopts the Report and Recommendation.

**I. BACKGROUND**

Plaintiffs filed their complaint on June 13, 2011, bringing numerous claims against Defendants resulting from a home foreclosure (Dkt 1).[1] On September 16, 2011, Defendants filed

---

[1] Plaintiffs' claims are not in sequential order inasmuch as they wholly omitted to state either a Count V or a Count VI and did not use roman numerals for their tenth and eleventh claims ("Complaint to Quiet Title" and "Usury and Fraud").

the instant Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), asserting that Plaintiffs' complaint fails to state a claim upon which relief can be granted (Dkt 19 at 3). Plaintiffs responded to the motion, opining that "[a]fter discovery is complete, which of these defendants did exactly what will be brought into sharp focus" (Dkt 17 at 4). Plaintiffs also indicated that "[s]hould the Court determine that the plaintiff's pleadings need to be refined, then plaintiffs ask for leave to amend their pleadings to rectify any deficiencies found by the court" (Dkt 17 at 38). Plaintiffs did not amend their complaint. *See* FED. R. CIV. P. 15(a)(1)(B) (indicating, in pertinent part, that "[a] party may amend its pleading once as a matter of course within ... 21 days after service of a motion under Rule 12(b)").

On February 15, 2012, the Magistrate Judge issued her Report and Recommendation, analyzing Defendant's Motion to Dismiss in twelve separate sections. First, in section I, the Magistrate Judge declined to recommend the dismissal of Plaintiffs' complaint simply because it is a "template complaint" (Dkt 19 at 4). In sections II through IV, the Magistrate Judge recommended dismissing Plaintiffs' claims under the Home Ownership Equity Protection Act (HOEPA), the Truth in Lending Act, (TILA), and the Real Estate Settlement Procedures Act (RESPA), because the relevant limitations periods for filing such claims had expired. The Magistrate Judge determined that Plaintiffs had failed to allege, let alone establish, that Defendants engaged in any fraudulent concealment that would have entitled Plaintiffs to claim the benefit of equitable tolling for their untimely claims (*id.* at 6). Last, in sections V through XII, the Magistrate Judge recommended dismissal of Plaintiffs' claims relating to the Fair Credit Reporting Act (FCRA), fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, the Racketeer Influenced and Corrupt

Organizations Act (RICO), complaint to quiet title, usury, and civil conspiracy, thoroughly setting forth how each count failed to state a claim on which relief may be granted.

Now, in their objections to the Report and Recommendation, Plaintiffs argue that this Court should grant them leave to amend their complaint to include the findings of a "Mortgage Forensic Securitization Analysis Report" (Dkt 23-1, as supplemented by Dkt 24), which they claim "explicitly details the complete history of the entire [mortgage] transaction, giving a step-by-step breakdown and analysis of what transpired, and more importantly, failed to transpire" (Dkt 23 at 8)[2]. Plaintiffs opine that this "securitization audit," which they allegedly requested in October 2011 and received in April 2012, provides details that are "quite revealing" and are "indicative of major wrongdoing" (*id.* at 8-9). Indeed, Plaintiffs assert that the audit "gives rise to new meritorious allegations" (*id.* at 8).

## II.  MOTION STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 marks "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but

---

[2]Like the template complaint filed in this case, it appears that this document may be a form "audit," with the facts of Plaintiffs' mortgage transaction inserted among pages of observations and opinions about the mortgage industry in general. *See, e.g., Carter v. Bank of America, N.A.*, ___ F. Supp. 2d ___, No. 11-01584, 2012 WL 3198354, at *2 n.8 (D. D.C. Aug. 8, 2012) (apparently examining a similar "forensic audit"); *Hewett v. Shapiro & Ingle*, No. 1:11CV278, 2012 WL 1230740, at *4 n.4. (M.D. N.C. April 12, 2012) (discussing various forms of the audit in existence and sharing its observation that "the documents make no more sense than anything else in the Debtor's papers and confirm the empty gimmickery of these types of claims.").

Importantly, the Federal Trade Commission has issued a Consumer Alert on the topic, cautioning homeowners to avoid the "Forensic Mortgage Loan Audit Scam." *See* http://www.ftc.gov/bcp/edu/pubs/consumer/alerts/alt177.shtm (site last visited 9/20/2012).

it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

### III. ANALYSIS

**A.  Plaintiffs' Current Complaint**

As a threshold matter, by promising to present "evidence that the basis of plaintiffs' complaint is correct" (Dkt 23 at 8), such as the purported evidence in the form of the "securitization audit," Plaintiffs miss the point of a 12(b)(6) challenge, which is to test the sufficiency of the pleadings. This Court does not, in deciding a 12(b)(6) motion, look to matters outside the pleading. *See* FED. R. CIV. P. 12(d).

Moreover, Plaintiffs' objections perpetuate the erroneous assumption made in their response to Defendants' Motion to Dismiss, to wit: that Plaintiffs can perform a post hoc investigation and continue to re-tool their complaint against Defendants in an effort to bring their claims into "sharper focus." It is no longer sufficient in the *Twombly/Iqbal* pleading context to merely promise that a set

4

of facts exists in support of a claim. *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (opining that "the combined effect of *Twombly* and *Iqbal* require plaintiff to have greater knowledge now of factual details in order to draft a 'plausible complaint'"). A plaintiff may not use the discovery process to obtain these facts after filing suit. *Id.*; *see also Patterson v. Novartis Pharmaceuticals Corp.*, 451 F. App'x 495, 499 (6th Cir. 2011) ("Plaintiffs [are] not entitled to an advisory opinion from the district court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies.") (quoting *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008)).

Plaintiffs contend that their pro se status compels a result in their case different from the dismissal recommended by the Magistrate Judge. Plaintiffs emphasize that they are "pro se litigants whose pleadings are held to a less stringent standard than those of practicing attorneys" (Dkt 23 at 6, citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Pro se complaints are liberally construed and held to a less stringent standard than the formal pleadings prepared by attorneys. *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012). Here, however, the Magistrate Judge has not recommended dismissal of Plaintiffs' complaint because of "inartful pleading" or any lack of legal training or sophistication, but rather because Plaintiffs delineated nearly a dozen claims that she found wholly lacking in both supportive factual and legal allegations.

Contrary to the position Plaintiffs seem to advocate in their objections, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 491, 2005 WL 3528921, at *3 (6th Cir. 2005) (affirming the district court's decision to dismiss the plaintiffs-homeowners' complaint and

deny as moot their motion for leave to file an amended complaint); *see, e.g., Bridge,* 681 F.3d at 364 (examining the plaintiffs-mortgagors' complaint to determine whether their pleading "properly asserted those elements, supported by sufficient factual allegations"). The "less stringent standard ... does not mean that pro se plaintiffs are entitled to take every case to trial." *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (affirming the district court's decision to dismiss the plaintiff-debtor's pro se complaint against the defendant-bank).[3]

Rather, in reviewing pleadings drafted by pro se litigants, courts "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (affirming the district court's decision to dismiss the plaintiff-debtor's pro se complaint against the defendant-bank for failure to state a claim) (citation omitted). Rather, "a pro se litigant 'must conduct enough investigation to draft pleadings that meet the requirements of the federal rules.'" *West v. Adecco Employment Agency*, 124 F. App'x 991, 992 (quoting *Burnett v. Grattan*, 468 U.S. 42, 50 (1984)). In *Burnett*, 468 U.S. at 50 n.13, the United States Supreme Court noted that "[a]lthough the pleading and amendment of pleadings rules in federal court are to be liberally construed, the administration of justice is not well served by the filing of premature, hastily drawn complaints." The Court noted that the requirement of Federal Rule of Civil Procedure 11, to certify that "reasonable inquiry" has been performed to ground a complaint in fact and existing law, applies to both attorneys *and* pro se litigants. *Id.*

---

[3] Indeed, in *Curtis v. BAC Home Loans Servicing LP,* No. 5:10-CV-226, 2010 WL 4054129, at *1, n.1 (M.D. Ga. Oct. 14, 2010), where the district judge court noted that he had no less than seven cases currently on his docket related to residential mortgage loan transactions in which "the exact same form complaint was used," the court further opined that pro se claimants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Id.* at *1 (quoting *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988)).

In sum, if Plaintiffs' complaint could reasonably be read to state a plausible claim, then this Court would do so, despite any failure to cite proper legal authority or excise irrelevant boilerplate. The Court is not convinced, however, that Plaintiffs, by alluding to facts that they could have alleged, or by suggesting violations that could still be pled, have revealed any error in the Magistrate Judge's conclusion that their claims fall short of the *Twombly/Iqbal* pleading standard. Plaintiffs' pro se status, standing alone, does not alter this conclusion.

**B.  Plaintiffs' Promised Complaint**

As noted, Plaintiffs included within their objections to the Report and Recommendation a request for leave to file an amended complaint. However, Plaintiffs have not shared what additional claims they seek to allege against Defendants. Nor have Plaintiffs supplied any meaningful analysis of the "securitization audit" from which this Court could ascertain how their references to the conclusions therein would cure the deficiencies in their claims against Defendants.

While Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be "freely given when justice so requires," the rule does not require amendment in the face of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Raiser v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, No. 11-3227, 2012 WL 3192197, at *2 (6th Cir. Aug. 7, 2012) (affirming the district court's decision to deny the pro se plaintiff leave to amend his complaint because "[a]ny amendment to the complaint would have been dilatory and caused undue prejudice to the defendants") (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Given the deficiencies of Plaintiffs' current claims and the amorphous nature of Plaintiffs' request to file an

7

amended complaint, the Court determines that granting leave to amend would be futile, dilatory and cause undue prejudice to Defendants.

The Court has not overlooked the two cases Plaintiffs cited in their objections where the district courts, examining the allegations presented in apparently the same internet-obtained template complaint that Plaintiffs utilized here, permitted the plaintiffs to amend their complaints (Dkt 23 at 10, citing *Johnson v. Bank of America/Countrywide*, No. 5:10cv06, 2010 WL 3476449 (N.D. Fla. Sept. 2, 2010); and *Straker v. Deutsche Bank Nat Trust*, No. 3:CV-09-0338, 2010 WL 500412 (M.D. Pa. Feb. 5, 2010)).  However, neither of these decisions is binding on this Court.  Moreover, the Court observes that other courts also examining apparently the same internet-obtained template complaint have reached the conclusion this Court reaches herein.  *See, e.g., Forbes v. Federal Nat'l Mortgage Ass'n*, No. 12-cv-210, 2012 WL 1957485, at *3 (S.D. Cal. May 30, 2012) (finding leave to amend futile, "[g]iven the obvious deficiencies and frivolous nature" of the plaintiff's claims); *McDonald v. JP Morgan Chase Bank N.A.*, No. 12cv860, 2012 WL 1714168, at *9 (S.D. Cal. May 15, 2012) ("Dismissal is with prejudice, as amendment would be futile as to any of Plaintiff's claims against Capital One"); *Dorado v. Shea Homes Ltd. Partnership*, No. 1:11-cv-01027, 2011 WL 3875626, at *20 (E.D. Cal. Aug. 31, 2011) (opining that when the court is faced with a "blizzard" of purported violations under federal and state law—"a conglomeration of statutory quotations, formulaic recitations and vague assertions of misconduct," leave to amend need not be given "when it is plain that the complaint is without merit for reasons that cannot be cured by amendment"); *McGregor v. Wells Fargo Bank*,  No. 2:10-CV-0136, 2011 WL 679435, at *4 (N.D. Ga. Jan. 26, 2011) (Report & Recommendation) ("[E]ven taking Plaintiff's pro se status into account, Plaintiff's

8

complaint fails to state a claim upon which relief may be granted and should be dismissed"), adopted 2011 WL 679443 (N.D. Ga. Feb. 16, 2011).

### IV.  CONCLUSION

Defendants are entitled to dismissal of Plaintiffs' complaint for the reasons stated by the Magistrate Judge.  Accordingly, the Court denies Plaintiffs' objections to the Report and Recommendation and approves and adopts the Report and Recommendation as the Opinion of the Court.  Because this Opinion and Order resolves the last pending claim in this case, the Court will also enter a Judgment.  *See* FED. R. CIV. P. 58.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 23) are DENIED and the Report and Recommendation (Dkt 19) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt 10) is GRANTED, and Plaintiffs' Complaint is DISMISSED.


Date:  September 20, 2012                              /s/ Janet T. Neff
                                                       JANET T. NEFF
                                                       United States District Judge